IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ARDELL SMITH, JR.,

      Plaintiff,                             No. CIV 2:11-cv-3351-MCE-JFM (PS)

   vs.

SACRAMENTO SHERIFF DEP'T,

      Defendant.                      <u>ORDER AND ORDER TO SHOW CAUSE</u>

/

       Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

       Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

For the foregoing reasons, the court finds plaintiff's claims to be barred by the applicable statute of limitations. Congress has provided no specific statute of limitations for section 1983 actions. Instead, state statutes of limitations apply in section 1983 cases unless the state laws are inconsistent with federal law. 42 U.S.C. § 1988. The Supreme Court has held that for purposes of selecting a statute of limitations, section 1983 actions are best characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261 (1985). The statute of limitations applicable to plaintiff's claim is one year, as formerly set forth in California Code of Civil Procedure § 340(3).[1]

---

[1] The current statute of limitations for personal injury actions in California is two years. The statute was revised in 2002 and set forth in Cal. Civ. Proc. Code § 335.1, which extends the limitations period from one year to two years, and has an effective date of January 1, 2003. The new statute does not, however, apply retroactively, except for victims of the September 11, 2001 terrorist attacks. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Krupnick v. Duke Energy Morro Bay, 115 Cal. App. 4th 1026, 1028-29 (Cal. 2004).

1   Federal law determines when a civil rights claim accrues.  See Elliott v. City of
2  Union City, 25 F.3d 800, 801-02 (9th Cir. 1994).  Under federal law, a claim accrues when the
3  plaintiff knows or has reason to know of the injury which is the basis of the action.  Kimes v.
4  Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).  In this instance, plaintiff's claim accrued on
5  December 30, 1999, when officers at the Sacramento County Main Jail allegedly used excessive
6  force against him and then filed falsified charges against him.  Absent applicable tolling, he
7  therefore had until January 1, 2001 to file the instant claim.

8   In actions where the federal court borrows the state statute of limitation, the court
9  should also borrow all applicable provisions for tolling the limitations period found in state law.
10  See Hardin v. Straub, 490 U.S. 536, 539 (1989).  Pursuant to the California Code of Civil
11  Procedure section 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1
12  provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

16   Based on allegations in the complaint, it appears plaintiff was incarcerated at the
17  time of his alleged injury.  The Ninth Circuit has held that section 352.1 will toll the limitations
18  period commencing with the plaintiff's arrest, where the plaintiff is held in continuous custody
19  awaiting trial.  Elliott v. City of Union City, 25 F.3d 800 (9th Cir. 1994).  The court will assume
20  for the purposes of screening the complaint that plaintiff has been continuously incarcerated
21  since his alleged injury, and affording plaintiff the most favorable construction of his pleading,
22  the latest he could have filed this action would have been January 1, 2003.  Plaintiff filed his
23  complaint nearly nine years later, on December 19, 2011.  Accordingly, plaintiff shall show
24  cause why this action should not be dismissed as barred by the statute of limitations.

25  /////
26  /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted; and

2. Plaintiff is ordered to show cause within twenty-one (21) days of the date of this order why this complaint should not be dismissed as untimely.

DATED: March 19, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;smit3351.ifpgrant